**John F. Devine, Administrator, Defendant in Error, v. Edward J. Ryan, Administrator, Plaintiff in Error.**

**Gen. No. 16,383.**

VERDICTS—*when not disturbed as against the evidence.*  Especially where two verdicts have been found the same way, will the Appellate Court be slow to set aside a verdict as against the weight of the evidence.

Assumpsit.  Error to the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1910.  Affirmed.  Opinion filed March 28, 1912.

FRANK L. CHENEY, for plaintiff in error.

A. D. GASH, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an action of *assumpsit*, brought by the administrator of the estate of Bridget Lynch, deceased, against Bridget Murphy, now also deceased, to recover a certain sum of money which had belonged to Bridget Lynch and which after her death was in the possession of Bridget Murphy, who claimed that it was a gift to her from the deceased. The case was tried by a jury, which brought in a verdict for the administrator of the Lynch estate, and judgment was entered on the verdict.

The only errors relied upon by the plaintiff in error are (a) that said verdict is against the manifest weight of the evidence, and (b) that the verdict was the result of prejudice. There is nothing in the record to support the claim that the verdict was the result of prejudice, except as prejudice might be inferred from the fact—if such is the fact—that the verdict was against the weight of the evidence. The only question for our consideration therefore is whether or not the verdict was against the manifest weight of the evidence.

This case has been tried twice, and in both trials the jury found in favor of the defendant in error.

Bridget Lynch was the widow of Patrick Lynch, who by will made her his sole residuary legatee. She was very old at the time of her death, had no children, but left eighteen or twenty heirs, mostly nieces and nephews. Towards the latter part of her life she went to live with Bridget Murphy, the defendant, one of her nieces. Shortly thereafter Mrs. Lynch converted all of her real estate and mortgages into cash, amounting to $42,000. For a time she kept this cash in a safety deposit vault, then removed it to the home of Bridget Murphy and kept it in an old trunk in her room.

Bridget Murphy's story is that a few months before she died, Mrs. Lynch gave her $8,010, to be divided

among certain heirs whose names she gave her; that shortly thereafter she gave her (Bridget Murphy) $14,500 as a gift, no other persons being in the room at the time of this transaction save the parties thereto.

It does not appear what became of the remainder of the $42,000. This suit is to recover the amount of this alleged gift to Bridget Murphy.

Mrs. Ryan, an aunt of Bridget Murphy, testifies that she was in an adjoining room and heard what Mrs. Lynch said to Bridget Murphy at the time she made her the gift in question; that Mrs. Lynch called Bridget Murphy into her room and asked her to count some money; that the latter counted the money and said, "there is $14,500 in it;" that after counting it again Mrs. Lynch said, "You take that; you keep it for yourself as a gift;" that at the same time she charged Bridget Murphy not to tell anyone, but upon request was given permission to tell the witness, Mrs. Ryan; that some days afterwards Mrs. Lynch in conversation with the witness referred to her gift to Bridget Murphy.

There being no evidence directly contradicting this testimony, the claim of the defendant in error was that at the time of the alleged gift Mrs. Lynch did not have sufficient mental capacity to understand and comprehend the nature of the gift. Nearly all of the testimony concerns this issue. Many witnesses testified, and the record is long. Many testified that in their opinion at and about the time of the transaction in question, Mrs. Lynch was mentally incapable of understanding the nature of a gift of such an amount of money. This, however, is contradicated by the opinion of witnesses called on behalf of Bridget Murphy. Very many things appear, touching many more or less important details and occurrences in Mrs. Lynch's life. It would unduly extend this opinion to refer to more than a small part of the testimony.

Patrick McHugh, an attorney at law, who was at one time employed by Mrs. Lynch, among other things, for

the purpose of drawing her will, testified in substance that although he repeatedly informed her that she could by her will dispose of her entire estate, which she knew to be over $40,000, yet she was never able to comprehend that she could devise more than $9,000; that she was possessed with the idea that what devise she made by her will took effect at once, and therefore she did not desire to devise beyond $9,000. The witness tried repeatedly to have her understand the effect of her will, with particular reference to the point that she would not thereby part with her property before her death. His efforts were not successful, and becoming convinced that she was not mentally capable of making a will, he abandoned the attempt to draw one for her.

We might refer to many other items of testimony tending to support the contention of the defendant in error. We have read with care the abstract of record and have given it ample consideration. As a result of this study, and bearing in mind the better opportunity of the jurors and the trial court to pass upon the credibility of the witnesses, we are not able to say that the verdict was against the weight of the evidence.

We are therefore of the opinion that the verdict should not be disturbed, and the judgment will be affirmed.

*Affirmed.*